IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02578-PAB-KLM

REV. BRANDON BAKER,

    Plaintiff,

v.

THE STATE OF COLORADO and
A.G. JOHN SUTHERS,

    Defendants.

## ORDER

This matter comes before the Court on the Motion for Default Judgment [Docket No. 25] filed by plaintiff on December 13, 2011.  Interpreting this document liberally, as I am required to do because of plaintiff's *pro se* status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), I construe it as a motion for entry of default and default judgment.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).  Failure to successfully complete the first

step of obtaining an entry of default necessarily precludes the granting of default judgment in step two. *See Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1.

In the present case, pursuant to the power granted in Federal Rule of Civil Procedure 55(a), the Clerk of the Court interpreted plaintiff's filing as a request for entry of default, but denied the request [Docket No. 28] due to the filing of responsive pleading by defendants [Docket No. 23]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Because plaintiff failed to obtain an entry of default under Rule 55(a) at step one, he may not obtain a default judgment at step two. Therefore, it is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 25] is DENIED.

DATED January 5, 2012.

BY THE COURT:

  s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge