IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02578-PAB-KLM

BRANDON BAKER, Rev.,

      Plaintiff,

v.

THE STATE OF COLORADO, and
JOHN SUTHERS, Attorney General,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion for Protective Order to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c)** [Docket No. 44; Filed January 11, 2011] (the "Motion").

      Two dispositive motions are currently pending in this matter: Defendants' Motion to Dismiss [Docket No. 23; Filed December 12, 2011] and Plaintiff's Motion for Summary Judgment [Docket No. 36; December 29, 2011]. Defendants' motion includes a challenge to the subject matter jurisdiction of this Court. *See Motion to Dismiss* [#23] at 6-15. Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when

a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

The factors guiding the Court's evaluation of a request for a stay include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

Considering Plaintiff's interest first, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. Therefore, delay may diminish Plaintiff's ability to proceed. Weighing Plaintiff's interest against Defendants'

alleged burden next, in light of the above-stated case law, the burden on a governmental defendant of proceeding in litigation during the pendency of jurisdictional issues is well-observed by the federal courts, as related to the second factor.

The third factor concerning the convenience to the Court weighs heavily in favor of a stay. The motion to dismiss not only challenges this Court's subject matter jurisdiction which must be satisfied at all stages of a litigation, but also could dispose of the complaint in its entirety.[1] Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved.   Consideration of the fourth and fifth factors does not sway the Court from its conclusion.   Weighing these factors in light of the law favoring a stay of discovery when subject matter jurisdiction is at issue, the Court concludes that a stay of discovery is appropriate, pending the adjudication of the dispositive motions.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.   Accordingly,

IT IS FURTHER **ORDERED** that disclosures and discovery are **STAYED** pending resolution of the Motion to Dismiss [#23] and Motion for Summary Judgment [#36].

IT IS FURTHER **ORDERED**, *sua sponte*, that the Scheduling Conference set for January 24, 2012 at 10:00 a.m. is **vacated**.   If necessary, a new scheduling conference will be set upon resolution of the pending dispositive motions.

DATED: January 12, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[1]   The Court finds it persuasive that Defendant filed its motion to dismiss and motion to stay quite early in the litigation and before the entry of a scheduling order.