IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02578-PAB-KLM

BRANDON BAKER, Rev.,

      Plaintiff,

v.

THE STATE OF COLORADO, and
JOHN SUTHERS, Attorney General,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Plaintiff's Amended Complaint** [Docket No. 23; Filed December 12, 2011] (the "Motion to Dismiss" or "MTD") and on Plaintiff's **Motion for Summary Judgement** [sic] [Docket No. 36; Filed December 29, 2011]. On December 27, 2011, Plaintiff, who is proceeding *pro se*, filed a Response [#35] in opposition to the Motion to Dismiss, and on January 13, 2012, Defendants filed a Reply [#48]. On January 19, 2012, Defendants filed a Response [#49] to Plaintiff's Motion for Summary Judgment, and on January 23, 2012, Plaintiff filed a Reply [#50]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motions have been referred to this Court for recommendations regarding disposition. The Court has reviewed the Motions, the Responses, the Replies, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that Defendants' Motion to Dismiss [#23] be **GRANTED** and that Plaintiff's

Motion for Summary Judgment [#36] be **DENIED as moot**.

## I. Summary of the Case

In short, Plaintiff challenges Colorado's medical marijuana statutes and associated regulations. *See Am. Compl.* [#9] at 2-5. Plaintiff asserts that he is a licensed medical cannabis patient, a personal cannabis caregiver, and a religious cannabis practitioner of Greenfaith Ministry, a non-denominational church and charity. *Id.* at 2. Plaintiff also asserts that he is a member of the Oklevueha Native American Church and is "an ordained Catholic, Christian, Rastafarian and Native American Holyman (specifically in religious personal healing and end of life passing)." *Id.* He states that the use of medical marijuana for debilitating medical conditions is part of the religious healing espoused by Greenfaith Ministry.[1] *Id.*

Plaintiff bases his lawsuit on the privilege against self-incrimination in the Fifth Amendment to the United States Constitution and on Amendment 20 to the Colorado Constitution, article XVIII, section 14 ("Amendment 20"). *Id.* at 2-4. Plaintiff seeks four forms of injunctive and declaratory relief: (1) an order requiring Defendant John Suthers, Attorney General for the State of Colorado, to petition the United States Drug Enforcement Agency to remove marijuana from the Controlled Substances Act and to give it "a proper rescheduling test" pursuant to C.R.S. § 12-43.3-202(1)(g); (2) a declaration that Colorado's medical marijuana statutes and regulations are unconstitutional; (3) an order repealing C.R.S. § 12-43.3-100 to -1001 and disbanding the Colorado Department of Revenue's Medical Marijuana Enforcement Division; and (4) an order permanently enjoining the implementation or enforcement of Colorado's medical marijuana statutes and regulations. *Id.* at 4-5.

Plaintiff asserts in his Amended Complaint that Colorado's medical marijuana statutes

_____

[1] Plaintiff provides no other material factual allegations in his Amended Complaint.

and regulations exceed the intent of Amendment 20, violate the Fifth Amendment's privilege against self-incrimination, and cannot constitutionally be applied because marijuana is a controlled substance under federal law.  *Id.* at 2-4.  He also claims that Amendment 20 "is more expansive of these rights in specifically establishing as a fundamental right of all Colorado citizens and residents the ready access to medical marijuana for debilitating medical conditions" and that his "inherent liberty, life privacy issues that establish a 'fundamental right' to medical care" are violated.  *Id.* at 2.  Finally he asserts that the government cannot deny ready access to medical marijuana for debilitating medical conditions because use of it is part of the religious healing performed by Greenfaith Ministry.  *Id.*

Defendants argue in their Motion to Dismiss that Plaintiff's case should be dismissed because Plaintiff lacks standing to bring this lawsuit, because this Court lacks subject matter jurisdiction over the matter, because Plaintiff fails to state a claim upon which relief can be granted, and because the Anti-Injunction Act prohibits Plaintiff's requested declaratory relief. *See MTD* [#23] at 2-26.

## II.  Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a basis for exercising jurisdiction over the parties and the case.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Fed. R. Civ. P. 12(b)(1) permits the Court to test whether it has jurisdiction to properly hear the case.  Dismissal of a federal claim for lack of jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. Here, Defendants assert a factual attack on the basis of standing. *MTD* [#23] at 20-25. When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1), the Court is free to consider facts and information outside the complaint to resolve any jurisdictional disputes. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Further, Plaintiff, rather than the movant, bears "the burden to prove that the court has jurisdiction over the subject matter." *Stuarte v. Colo. Interstate Gas Co.*, 130 F. Supp. 2d 1263, 1265 (D. Wyo. 2000).

Finally, the Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Analysis

Defendants assert that Plaintiff's Amended Complaint should be dismissed for lack of jurisdiction because Plaintiff lacks standing to prosecute the claims.[2] The elements of standing are the existence of a particularized injury that is fairly traceable to Defendants and

---

[2] As noted, Defendants advance a number of legal arguments in favor of dismissing Plaintiff's Amended Complaint, but as the Court finds the standing issue dispositive, it need not address any other asserted ground for dismissal. *See Livingston v. Bean*, No. Civ. 03-495 JH/ACT., 2004 WL 3310469, at *7 (D.N.M. Sept. 30, 2004) ("Because the Court's ruling in favor of Defendants on the ground of lack of standing is dispositive, the Court need not address the remaining arguments in favor of dismissal . . . .").

capable of being redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560-61 (1992).  In other words, Plaintiff must allege an injury in fact, assert a causal

connection between the injury in fact and the challenged action, and demonstrate that there

is a likelihood that the injury can be redressed by a favorable decision.  *See Jordan v. Sosa*,

654 F.3d 1012, 1019 (10th Cir. 2011).  The injury-in-fact requirement means that Plaintiff must

allege "an invasion of a legally protected interest which is (a) concrete and particularized; and

(b) actual or imminent, not conjectural or hypothetical."  *Id.* (quoting *Lujan*, 504 U.S. at 560).

Plaintiff has not alleged any concrete and particularized injury-in-fact in his Amended

Complaint.  Nor has he alleged an injury that is actual or imminent to him.  In fact, Plaintiff has

done no more than imply in a most generalized way that he could be injured by the statutes

and regulations he challenges.  *See, e.g.*, *Tarrant Regional Water Dist. v. Herrmann*, No. CIV-

07-0045-HE, 2010 WL 2817220, at *2 (W.D. Okla. July 16, 2010) (stating that "the mere

possibility of some future injury to plaintiff [was] not enough to confer standing").  Plaintiff's

Amended Complaint is, at best, a hodgepodge of assertions which is impossible to decipher.

Although Plaintiff appears to contend that Colorado's medical marijuana laws are

"unconstitutional," *Am. Compl.* [#9] at 2, he further contends that they impermissibly "expand"

citizens' access to marijuana for medical conditions, *id.*, and that they illegally "restrict" "patient

[sic], care-givers and everyone connected to MMJ," *id.* at 3.  He apparently urges the Court

to hold that the stated statutes are "unconstitutional . . . UNLESS cannabis/marijuana is

rescheduled [as something other than a controlled substance pursuant to federal law]."  *Id.*

at 4.

Plaintiff's intent—and alleged injury—is not readily apparent.  As a self-proclaimed

"licensed medical cannabis patient, personal cannabis caregiver and religious cannabis

practitioner," it is difficult to understand how Colorado's medical marijuana laws are supposedly injuring him. His Amended Complaint refers to "municipal/county bans being enacted across the State" as "wasting millions in revenue plus time with litigation against the states and cities in the courts." *Id.* at 3. Putting aside the undefined "bans" and unidentified "litigation," the wastefulness resulting from this lawsuit is readily apparent.

In his Response to the Motion to Dismiss, Plaintiff asserts that there is "real and imminent harm directed on the Plaintiff connected to [medical marijuana]." *Reply* [#35] at 2. This conclusory statement and the legal arguments provided in the Response do not provide an injury-in-fact that would confer standing on Plaintiff to challenge the Colorado medical marijuana statutes and regulations, even were the Court to permit Plaintiff to further amend his Amended Complaint to include such statements. Plaintiff has simply not provided any allegations specifying his activities in relation to medical marijuana and how those activities have subjected him to a legally-cognizable injury in fact. *See, e.g.*, *McCormick v. City of Lawrence, Kansas*, 253 F. Supp. 2d 1172, 1207-08 (D. Kan. 2003) (stating that the plaintiff had not alleged an injury-in-fact giving rise to a § 1983 claim where he merely alleged that his access to courts had been "interfered with, hindered and impeded" without providing any particular cases in which he had been unsuccessful or otherwise hindered).

Thus, in light of the standard for considering a Rule 12(b)(1) motion, the Court finds that Plaintiff has not met his burden of showing that he has standing to pursue this lawsuit. Accordingly, the Motion to Dismiss should be granted.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion to Dismiss [#23] be **GRANTED** and that Plaintiff's Amended Complaint [#9] be

**DISMISSED WITHOUT PREJUDICE**.

The Court further **RECOMMENDS** that Plaintiff's Motion for Summary Judgment [#36] be **DENIED AS MOOT**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 23, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge