IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02578-PAB-KLM

REV. BRANDON BAKER,

    Plaintiff,

v.

THE STATE OF COLORADO and
A.G. JOHN SUTHERS,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on plaintiff's motion to reconsider [Docket No. 42] the Court's January 5, 2012 order [Docket No. 39] denying plaintiff's motion for entry of default and default judgment [Docket No. 25].[1]  As the Court stated in its January 5 order, defendants filed a responsive pleading in this case.  *See* Docket No. 23; *see also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  Plaintiff identifies no reason for the Court to reconsider its conclusion that, in light of that

---

[1] The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980) (citing Fed. R. Civ. P. 54(b)).

responsive pleading and the Clerk of Court's resulting denial of plaintiff's request for entry of default, entry of default judgment pursuant to Rule 55(b) would be inappropriate. Furthermore, and in any event, plaintiff fails to persuasively explain why this case, where there is a Recommendation of United States Magistrate Judge [Docket No. 51] addressing fully-briefed motions to dismiss and for summary judgment, should not be resolved on the merits. *See Bollacker v. Oxford Collection Agency, Inc.*, No. 07-cv-01730-WDM-MEH, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). Consequently, it is

    **ORDERED** that plaintiff's motion to reconsider [Docket No. 42] is DENIED.

    DATED May 31, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge