IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02578-PAB-KLM

REV. BRANDON BAKER,

    Plaintiff,

v.

THE STATE OF COLORADO and
A.G. JOHN SUTHERS,

    Defendants.

## ORDER

This matter comes before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 51] filed on April 23, 2012. The magistrate judge recommends that the Court grant defendants' motion to dismiss [Docket No. 23] and deny plaintiff's motion for summary judgment [Docket No. 36] as moot. Plaintiff filed timely objections [Docket No. 53] on May 7, 2012.[1] The Court will therefore review the pending motions de novo. *See* Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The magistrate judge recommends that this case be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) due to plaintiff's lack of standing. Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the

---

[1] Plaintiff filed a document entitled "Notice of 1983 Complaint" [Docket No. 52] on May 4, 2012 which the Court will consider as part of his objections.

Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, as the Recommendation notes, *see* Docket No. 51 at 4, defendants attack the factual basis for subject matter jurisdiction, and, thus, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

To demonstrate standing to pursue his claims, plaintiff must allege (1) an injury in fact; (2) a causal connection between the injury and the defendant's challenged action; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). As the Recommendation points out, plaintiff alleges that Colorado's medical marijuana statutory scheme violates his right against self-incrimination pursuant to the Fifth Amendment to the United States

Constitution as well as Amendment 20 to the Colorado Constitution. See Docket No. 51 at 2 (citing Docket No. 9 at 2-4). Although plaintiff alleges that he is, among other things, "a licensed medical cannabis patient" and "personal cannabis caregiver," Docket No. 9 at 2, ¶ 5, he has not, as noted by the magistrate judge, "provided any allegations specifying his activities in relation to medical marijuana and how those activities have subjected him to a legally-cognizable injury in fact." Docket No. 51 at 6.[2] Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 51] is ACCEPTED. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 23] is GRANTED and this case shall be dismissed without prejudice in its entirety. It is further

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 36] is DENIED as moot.

---

[2]Plaintiff argues that the state-imposed registration requirement of Colorado's medical marijuana statutory scheme implicates his right against self-incrimination, see, e.g., Docket No. 35 at 3, but fails to allege in his complaint that he has registered or intends to register. Even if the Court were to assume that fact, there is no indication that his challenge to the registration requirement is ripe for resolution. Assuming plaintiff can, at some point, show a concrete risk of prosecution for complying with the state registration requirement and that such compliance implicates his constitutional rights, plaintiff does not contend that he has yet been put in a position of having to assert his right against self-incrimination and that, having asserted this right, it has not been honored. See Communist Party of U.S. v. Subversive Activities Control Bd., 367 U.S. 1, 107 (1961) ("The privilege against self-incrimination is one which normally must be claimed by the individual who seeks to avail himself of its protection."); see also Connection Distributing Co. v. Holder, 557 F.3d 321, 342-43 (6th Cir. 2009) ("[T]he Supreme Court has previously held that a pre-enforcement self-incrimination challenge to a reporting requirement is 'premature' even when the plaintiff insists that he 'intend[s] to engage' in the conduct that triggers the requirement—so long as the plaintiff has yet to assert a privilege claim in response to a government demand for disclosure.").

Constitution as well as Amendment 20 to the Colorado Constitution. See Docket No. 51 at 2 (citing Docket No. 9 at 2-4). Although plaintiff alleges that he is, among other things, "a licensed medical cannabis patient" and "personal cannabis caregiver," Docket No. 9 at 2, ¶ 5, he has not, as noted by the magistrate judge, "provided any allegations specifying his activities in relation to medical marijuana and how those activities have subjected him to a legally-cognizable injury in fact." Docket No. 51 at 6.[2] Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 51] is ACCEPTED. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 23] is GRANTED and this case shall be dismissed without prejudice in its entirety. It is further

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 36] is DENIED as moot.

---

[2]Plaintiff argues that the state-imposed registration requirement of Colorado's medical marijuana statutory scheme implicates his right against self-incrimination, see, e.g., Docket No. 35 at 3, but fails to allege in his complaint that he has registered or intends to register. Even if the Court were to assume that fact, there is no indication that his challenge to the registration requirement is ripe for resolution. Assuming plaintiff can, at some point, show a concrete risk of prosecution for complying with the state registration requirement and that such compliance implicates his constitutional rights, plaintiff does not contend that he has yet been put in a position of having to assert his right against self-incrimination and that, having asserted this right, it has not been honored. See Communist Party of U.S. v. Subversive Activities Control Bd., 367 U.S. 1, 107 (1961) ("The privilege against self-incrimination is one which normally must be claimed by the individual who seeks to avail himself of its protection."); see also Connection Distributing Co. v. Holder, 557 F.3d 321, 342-43 (6th Cir. 2009) ("[T]he Supreme Court has previously held that a pre-enforcement self-incrimination challenge to a reporting requirement is 'premature' even when the plaintiff insists that he 'intend[s] to engage' in the conduct that triggers the requirement—so long as the plaintiff has yet to assert a privilege claim in response to a government demand for disclosure.").

DATED August 28, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge